IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

ROBERT GRIFFETH, JR., :
:
        Plaintiff :
:
    VS. :
:   **3 : 07-CV-34 (CDL)**
MICHAEL J. ASTRUE, :
Commissioner of Social Security, :
:
        Defendant. :

**RECOMMENDATION**

The plaintiff herein filed this Social Security appeal on April 2, 2007, challenging the Commissioner's final decision denying his application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

*Background*

The plaintiff filed his applications for disability and Supplemental Security Income benefits in April 2004, alleging disability since January 27, 2004, primarily due to a heart condition. His applications were denied initially and upon reconsideration. Following a hearing in November 2005, the ALJ concluded that the plaintiff was not disabled, inasmuch as he remained capable of returning to his past relevant work as a housekeeper, janitor or salvage rewinder at the light exertional level. The Appeals Council denied review and the plaintiff then filed this appeal, arguing that the ALJ improperly ignored the opinion of disability issued by a treating physician, that he failed to consider plaintiff's impairments in combination, and that he issued an improper credibility determination.

At the time of the hearing before the ALJ, the plaintiff was 51 years of age. The ALJ

determined that as of the onset date of January 27, 2004, the plaintiff suffered from severe impairments in the form of "1) idiopathic hypertrophic sub-aortic stenosis (IHSAS), a heart disorder that usually is congenital in nature; 2) tachycardia, another heart disorder; 3) a history of obstructive sleep apnea (OSA); 4) a history of hypertension; and 5) mild obesity based on the claimant's height of 6'2" and weight of approximately 240 pounds." R. at 20-21.

*Discussion*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

*Treating physician's opinion*

The plaintiff argues that his heart failure and sleep apnea have kept him from engaging in substantial gainful activity since January 2004. In challenging the ALJ's decision, the plaintiff initially argues that the ALJ erred in failing to give substantial weight to the opinion of treating physician Dr. Subodh K. Agrawal. Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner." "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 404.1527(e)(1).

In general, the opinions of treating physicians are given substantial or considerable weight unless good cause is shown to the contrary. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). Good cause has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted). As the Lewis court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition." Id.

In November 2002, Dr. Agrawal began treating the plaintiff and diagnosed him with diastolic dysfunction with possible congestive heart failure and increased shortness of breath with a history of sleep apnea. In June 2005, Dr. Agrawal completed an "Ability to Do Work-Related Activities" form and opined therein that the plaintiff "has symptomatic IHSS and [is]

3

unable to work". R. at 231. The ALJ noted this opinion, but found it unconvincing, as

> [s]ignificantly, Dr. Agrawal neither indicated that he used the word "disabled" as defined by controlling Social Security regulations nor offered any statement of reasons in support of his opinions. Moreover, treatment notes generally reflect only the claimant's complaints of mild fatigue, shortness of breath and dizziness without examination or test results indicating a disabling condition. In any case, statements that a claimant is disabled are not medical opinions; rather, such issues are reserved to the Commissioner.
>
> In June 2005, Dr. Agrawal offered an opinion that the claimant cannot lift 10 pounds, work eight hours per day or perform any postural activities, and is subject to still other limitations, including reduced tolerance of stress and change. At the hearing, however, Dr. Freedman stated that the evidence does not support his opinion. I agree. As stated above, the evidence justifies a limitation only to light work. In fact, apart from his alleged need to rest, the claimant generally testified to the ability to perform light work. Moreover, Dr. Agrawal offered no statement in support of his opinion other than to check boxes on a form, cite diagnoses, mention "general weakness" and state that the claimant is "symptomatic"; treatment notes show that the claimant typically denies more than mild fatigue, and Dr. Agrawal ended up stating that the claimant's heart condition precludes him only from "strenuous" work, a conclusion with which I agree. Finally, the record offers no basis for Dr. Agrwawal's proposed mental restrictions. I therefore do not rely on his unsupported opinion that the claimant cannot perform even sedentary work.

R. at 24, 25.

A review of the objective medical record herein, as well as the ALJ's opinion and the arguments set forth by the plaintiff and Commissioner, reveals that the ALJ's decision to assign lesser weight to the opinion of disability issued by Dr. Agrawal is supported by substantial evidence. As the Commissioner argues, the opinion issued by Dr. Agrawal is incomplete and internally inconsistent, as Dr. Agrawal states that the plaintiff's heart condition limited him only

4

from "exposure to strenuous environments", yet he issued additional, serious restrictions on plaintiff's ability to engage in manipulative functions, lift or carry more than ten pounds, and his ability to stand, walk, and sit for extended periods of time. Dr. Agrawal's treatment notes do not provide any additional support for his conclusions, as they reveal that plaintiff suffered from occasional sharp chest pain and some palpitations and fatigue beginning with treatment in November 2002, but that other office visits showed that plaintiff was reporting a lack of fatigue, improvement in chest pain with walking, shortness of breath only on exertion, and that plaintiff was walking three to four miles per day per his physician's instruction. R. 152-186; 235-253.

*Combination of impairments*

The plaintiff also argues that the ALJ erred in failing to consider each of the plaintiff's impairments, singly and in combination, specifically his tendency to fall asleep, chest pain and heart palpitations. "Where a claimant has alleged several impairments, the Secretary has a duty to consider the impairments in combination and to determine whether the combined impairments render the claimant disabled." Jones v. Dep't. Of Health and Human Serv., 941 F.2d 1529, 1533 (11th Cir. 1991). A review of the ALJ's decision herein reveals that the ALJ did in fact consider the plaintiff's impairments individually and in combination, as well as the considering and discussing in detail the plaintiff's testimony and his treatment reports regarding complaints of non-exertional limitations and side-effects. The ALJ considered the plaintiff's impairments in reviewing the Listing of Impairments in Step 3 of his sequential evaluation process, and in connection with a determination of plaintiff's residual functional capacity. R. at 20-23.

*Credibility*

Finally, the plaintiff argues that the ALJ failed to state sufficient reasons to question the

plaintiff's credibility. If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain. Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992); Hand v. Heckler, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability. 20 C.F.R. § 404.1529(a). Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c). The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(4). If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff will be deemed disabled. However, if the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

The ALJ herein found the plaintiff "partly credible", and noted that "[d]espite his allegation of daytime naps and daily rest periods, the claimant usually has only occasional shortness of breath, . . . and mild or no fatigue. In fact, the claimant has reported walking three to four miles at a time. Treatment notes also do not include any confirmation of his alleged naps and rest periods. . . . [Additionally] the claimant worked for more than 30 years despite IHSAS . . . [he] has normal ejection fractions, no eschemia on imaging and controlled tachycardia". R.

at 22-23. The ALJ concluded by crediting "the claimant's description of his activities and work-related limits regarding lifting, standing and walking, which are consistent with the evidence of record, but not his allegations of daily naps and rest periods, which the record does not support." R. at 23.

The undersigned finds that this conclusion regarding the plaintiff's credibility is supported by substantial evidence in the form of the objective medical record, and in fact by the plaintiff's own testimony, to wit, that he walked three to four miles per day, that he had ceased walking due to safety concerns, and that he did not fall asleep during the day "too often". R. at 272, 279.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 14th day of May, 2008.

    /s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE